IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCUS MASON,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX, INC.,<br><br>    Defendant. | PRISONER DIVERSITY<br>28 U.S.C. § 1332<br><br><br>CIVIL ACTION FILE NO.<br>1:17-CV-5448-TWT-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff, confined in the Federal Correctional Institution in Bennettsville, South Carolina, filed a complaint in this *pro se* prisoner diversity action.[1] [Doc. 1.] The matter is now before the undersigned Magistrate Judge for consideration of Plaintiff's request to proceed *in forma pauperis* [3], and for an initial screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** for the purpose of dismissal only.

---

[1] Plaintiff originally filed his complaint in the United States District Court in South Carolina. Plaintiff's case was transferred to this Court pursuant to 28 U.S.C. § 1407.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

Plaintiff brings this action against Defendant under 28 U.S.C. § 1332 based on diversity of citizenship. [Doc. 1 at 1.] Plaintiff maintains that he is an "individual consumer residing in the Bennettsville, South Carolina area," which is where he is currently incarcerated, and that Defendant's principal place of business is in Georgia. [*Id.*] Plaintiff further states that the amount in controversy exceeds $68.6 billion dollars. [*Id.*] Plaintiff alleges that Defendant failed to "adequately protect his credit and personal information" and that as a result, he has suffered an injury of $19.95, which is the amount he has paid for credit monitoring services.

[*Id.* at 2-3.]  Plaintiff seeks an unspecified amount of compensatory damages and also asserts his intent to seek class action certification.  [*Id.* at 7.]

"[A] federal court must inquire *sua sponte* into the issue [of subject matter jurisdiction] whenever it appears that jurisdiction may be lacking."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  It is the plaintiff's burden to "affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)(1)).  In a diversity case, (1) there must be complete diversity of citizenship, *i.e.*, the adverse parties must be citizens of different states; and (2) the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."  *Flintock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citation omitted).  Plaintiff, who is currently imprisoned in South Carolina, "has not alleged that his domicile prior to incarceration was not in the State of Georgia, the domicile of the defendant."  *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973) ("A prisoner does not acquire a new domicile in the place of his imprisonment, but

3

retains the domicile he had prior to incarceration."). The Court is also "obligated to assure itself that the case involves the requisite amount in controversy." *Morrison*, 228 F.3d at 1261. Although Plaintiff claims the amount in controversy exceeds $68.6 billion, he has not alleged any facts to show "that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citation omitted). Plaintiff's "conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, is insufficient to meet [his] burden." *Id.* (citation omitted); *see also Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007) (per curiam) (holding that plaintiff's mere speculation, without any supporting calculations, that the amount in controversy exceeds $75,000 is insufficient to meet § 1332's jurisdictional threshold). In fact, Plaintiff's allegations show that he has suffered only $19.95 in damages. [Doc. 1 at 3.] Accordingly, Plaintiff has not met his burden of showing that this Court has jurisdiction under § 1332.

For the foregoing reasons, it is **RECOMMENDED** that this *pro se* diversity action be **DISMISSED** for lack of subject matter jurisdiction. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 19th day of January, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE